IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AKIL ERICKSON,<br>MIKIEL ROBIN,<br><br>　　　　　　Defendants. | INFORMATION<br><br>CRIMINAL NO. 2019-CR-52<br><br>Violations:<br><br>*18 U.S.C. § 1956(h)*<br>*31 U.S.C. §§ 5332(a)(1) and*<br>*(b)(1) and (2)*<br>*18 U.S.C. § 1001(a)(2)* |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### COUNT ONE
*International Money Laundering Conspiracy*
*18 U.S.C. § 1956(h)*

On an unknown date and continuing through on or about October 8, 2018, at St. Thomas, District of the Virgin Islands, and elsewhere, the defendants,

**Akil Erickson, and**
**Mikiel Robin,**

did knowingly, combine, conspire, and agree with each other, and with others known and unknown to the Grand Jury, to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place outside of the United States to a place in in the United States with the intent to promote the carrying on of a specific unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h) and (a)(2)(A).

## COUNT TWO
*Bulk Cash Smuggling*
*31 U.S.C. §§ 5332(a)(1)and (b)(1)and (2)*

On or about October 8, 2018, at St. Thomas, District of the Virgin Islands, the defendant,

**Akil Erickson,**

did knowingly, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, conceal more than $10,000 in currency on his person, or in any conveyance, article of luggage, merchandise, or other container, and transport or transfer such currency from a place outside the United States, to a place within the United States.

All in violation of Title 31, United States Code, Section 5332(a)(1).

## COUNT THREE
*Bulk Cash Smuggling*
*31 U.S.C. §§ 5332(a)(1)and (b)(1)and (2)*

On or about October 8, 2018, at St. Thomas, District of the Virgin Islands, the defendant,

**Mikiel Robin,**

did knowingly, with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, conceal more than $10,000 in currency on his person, or in any conveyance, article of luggage, merchandise, or other container, and transport or transfer such currency from a place outside the United States, to a place within the United States.

All in violation of Title 31, United States Code, Section 5332(a)(1).

## COUNT FOUR
*False Statements*
*18 U.S.C. § 1001(a)(2)*

On or about October 8, 2018, at St. Thomas in the District of the Virgin Islands, in a matter within the jurisdiction of the United States Customs and Border Protection, Department of Homeland Security, an agency within the Executive Branch of the United States, the Defendant,

**Mikiel Robin,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to United States Customs and Border Protection officers regarding a matter within the United States Department of Homeland Security's jurisdiction, that is, defendant falsely and fraudulently represented that he was not transporting in excess of $10,000 from the British Virgin Islands to the United States.

In violation of Title 18, United States Code, Section 1001(a) (2).

## COUNT FIVE
*False Statements*
*18 U.S.C. § 1001(a)(2)*

On or about October 8, 2018, at St. Thomas in the District of the Virgin Islands, in a matter within the jurisdiction of the United States Customs and Border Protection, Department of Homeland Security, an agency within the Executive Branch of the United States, the Defendant,

**Akil Erickson,**

did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation to United States Customs and Border Protection officers regarding a matter within the United States Department of Homeland Security's jurisdiction, that is, defendant falsely and fraudulently represented that he was not transporting in excess of $10,000 from the British Virgin Islands to the United States.

In violation of Title 18, United States Code, Section 1001(a) (2).

# FORFEITURE ALLEGATION

The allegations contained in Count One through Count Nine of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853.

1. Upon conviction of the violations alleged in Count One through Count Six of this Indictment, including violations of Title 18, United States Code, Sections 1956, 1951, 924, and 2, and Title 21, United States Code, Section 841(a)(1), defendants **AKIL ERICKSON and MIKIEL ROBIN,** , shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any and all of the defendants' right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of the offenses; and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of these offenses. With respect to Akil Erickson, the amount of $50,100 in United States currency; with respect to Mikiel Robin $36,275 in United States currency and with respect to Tyrell Turnbull, $48,000 in United States currency.

2. If any of the property described above, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

Dated: July 24, 2019

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

By: _____
Everard E. Potter
Assistant U.S Attorney
5500 Veterans Drive, Ste. 260
St. Thomas, VI 00802
Everard.Potter@usdoj.gov