IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

| | |
|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Akil Erickson,<br><br>Defendant | Civil No. 2019-CR-52 |

**REPLY TO COURT ORDER**

Akil Erickson submits that the Court should dismiss this information in this case because the Government has not received leave of Court or consent of the Defendant to file said information after the matter was investigated or presented to the Grand Jury.

The Defendants are charged via criminal information. Defendant Mikiel Robin filed a Motion to Dismiss arguing that the United States has violated the Speedy Trial Act in proceeding with the prosecution. Acting on Defendant Mikiel Robin's motion the Court dismissed the indictment. The United States then filed an identical set of charges via criminal information. The United States did not obtain leave of court nor did it obtain the consent of the Defendants to proceed, as required by 48 USC 1614. 48 U.S.C 1614 states in relevant part:

> That in the district court all criminal prosecutions under the laws of the United States, under local law under section 1612(c) of this title, and under the income tax laws applicable to the Virgin Islands may be had by indictment by grand jury or by information: Provided further, That an offense which has been investigated by or presented to a grand jury may be prosecuted by information only by leave of court or with the consent of the defendant.

Instant Defendant seeks to dismiss this case on the grounds that the United States failed to obtain leave of court or the consent of the Defendant prior to prosecuting him in violation of the statute.

Furthermore, it is unlikely that good cause exists even if the United States were to seek leave, because there have been no material alterations for months.  The discovery produced stems from the seizure of the Defendants at a border crossing as well as from items seized from their person.  This is not a complicated case, therefore, filing a criminal information after indictment, serves no legitimate purpose other than to frustrate the purpose of the Defendant's Constitutional Right to a Speedy Trial as embodied in the Constitution, Revised Organic Act and the Speedy Trial Act.

Nevertheless, because the filing of the information clearly violates the mandate of 48 USC 1614, the matter should be dismissed.

Respectfully submitted,

DATED: July 26, 2019      By:   /s/Yohana Manning_____
Yohana M. Manning, Esq.
VI Bar No. 1053
2120 Company St., Ste 1
Christiansted VI 00820-4945
(P) 340-719-0601 Ext. 102
(F) 888-364-1967
Yohana05@gmail.com

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on July 26, 2019, I electronically filed the foregoing document with the Clerk of the court using the CM/ECF system, which will send a notification to: Counsel the following:

Everard Potter
US Attorneys Office
St. Thomas, 00801

/s/Yohana M. Manning_____