## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,     )
                                 )
              Plaintiff,     )
                                 )
              v.             )     Criminal No. 2019-52
                                 )
AKIL ERICKSON, MIKIEL ROBIN,     )
                                 )
              Defendants.     )
_____ )

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Yohana M. Manning**
St. Croix, U.S.V.I.
    *For Akil Erickson,*

**Richard Coughlin, FPD**
**Kia Daniel Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Mikiel Robin.*

## AMENDED ORDER[1]

**GÓMEZ, J.**

Before the Court is the Information in Criminal Case Number

2019-52.

---

[1] The original order contained a scrivener's error. This amended order corrects that error.

## I. FACTUAL AND PROCEDURAL HISTORY

The United States's journey that led to the most recent charging document against Akil Erickson ("Erickson") and Mikiel Robin ("Robin") is long and tortured.

On October 8, 2018, Erickson and Robin traveled by ferry from Tortola, British Virgin Islands, to St. Thomas, U.S. Virgin Islands. Upon arrival in St. Thomas, Erickson and Robin were subjected to inspection by Customs and Border Patrol ("CBP"). During that inspection, neither Erickson nor Robin declared to CBP that either was carrying over $10,000. A search of Erickson's luggage uncovered approximately $50,000. Thereafter, Erickson was arrested.

On October 9, 2019, Robin attempted to take a flight from St. Thomas to the U.S. mainland. During the course of an inspection at Cyril E. King International Airport by CBP, Robin failed to declare that he was carrying over $10,000. A search of Robin's luggage uncovered approximately $38,000. Thereafter, Robin was arrested. (The events and conduct leading to the October 8, 2018, arrest of Erickson and the October 9, 2018, arrest of Robin are referred to herein as the "October Matters.") On October 9, 2018, and October 10, 2018, the United States filed two separate complaints related to the arrests of Erickson and Robin.

The first complaint charged Erickson with (1) bulk cash smuggling on October 8, 2018, in violation of 31 U.S.C. § 5332; and (2) making false statements on October 8, 2018, in violation of 18 U.S.C. § 1001. The second complaint charged Robin with (1) bulk cash smuggling on October 8, 2018; and (2) making false statements on October 9, 2018.

Thereafter, on November 8, 2018, the United States filed two separate informations that stemmed from the Erickson and Robin complaints. The first information, which was filed in Criminal Case Number 2018-54, charged Erickson with a single count of bulk cash smuggling on October 8, 2018. The second information, which was filed in Criminal Case Number 2018-55, charged Robin with a single count of bulk cash smuggling on October 8, 2018.

On December 6, 2018, each of the matters related to the criminal conduct of Robin and Erickson on or about October 8, 2018, and October 9, 2018--the October Matters--were presented to a grand jury. As a consequence, the Grand Jury returned two separate indictments. The first indictment in Criminal Case Number 2018-54 charged Erickson with one count of bulk cash smuggling on or about October 8, 2018, and one count of making false statements on or about October 8, 2018. The second indictment in Criminal Case Number 2018-55 charged Robin with

one count of bulk cash smuggling on or about October 8, 2018,
and one count of making false statements on or about October 8,
2018.

After having presented the October Matters to the Grand
Jury, albeit separately with respect to Robin and Erickson, on
January 13, 2019, the United States unilaterally elected to file
an information in Criminal Case Number 2019-7 (the "First Joint
Charging Document" or the "19-7 Information") charging Erickson
and Robin jointly with crimes related to the October Matters.
The 19-7 Information charged Erickson and Robin each with (1)
conspiring to launder money on or about October 8, 2018, in
violation of 18 U.S.C. § 1956; (2) bulk cash smuggling on
October 8, 2018; and (3) making false statements on October 8,
2018. After commencing Criminal Case Number 2019-7, the United
States filed motions in Criminal Case Numbers 2018-54 and 2018-
55 seeking to dismiss the respective indictments pending in
those cases. The Court subsequently granted both motions,
dismissed both indictments, and closed both cases.

On April 18, 2019, the United States filed an amended
information in Criminal Case Number 2019-7 (the "Second Joint
Charging Document" or the "Amended 19-7 Information"). The
Amended 19-7 Information included the charges in the First Joint
Charging Document and added two charges against Erickson: (1)

conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(D); and (2) bulk cash smuggling on September 28, 2018.

On June 6, 2019, the Grand Jury returned an indictment in Criminal Case Number 2019-7 (the "Third Joint Charging Document" or the "19-7 Indictment") that dropped the drug conspiracy charge but otherwise replicated the Amended Information.

On July 2, 2019, Robin moved to dismiss the 19-7 Indictment for violation of the Speedy Trial Act. The United States conceded that the Speedy Trial Act had been violated. The Court granted Robin's motion, dismissed the Indictment in Criminal Case Number 19-7, and dismissed the case.

After Criminal Case Number 19-7 was dismissed, the United States filed an information in Criminal Case Number 19-52 (the "Fourth Joint Charging Document" or the "19-52 Information"). The 19-52 Information dropped the September 28, 2018, bulk cash smuggling charge but otherwise mirrored the dismissed 19-7 Indictment. Indeed, the United States indicated as much during two July 25, 2019, status conferences in Criminal Case Number 2019-52:

> COURT: But we have this document now that appears to be maybe about the seventh iteration of charges for the defendant and it doesn't seem that the underlying transactions that give rise to the charge have changed. Am I missing something?

        UNITED STATES: No Judge.

*First July 29, 2019, Status Conference in Crim. No. 2019-54* at

11:08:30 A.M.-11:08:54. A.M. (July 29, 2019).

        COURT: The Government had an information in the case
        that bore the number 19-7, is that correct?
        UNITED STATES: Bore the number 19-7, yes judge.
        COURT: Yes, alright. And then it had an amended
        information there as well, correct?
        UNITED STATES: I believe so, your honor.
        COURT: And then there was, again in the case that
        bore the designation 19-7, it had an Indictment,
        correct?

        UNITED STATES: Yes Judge.

        COURT: Alright. As I understand from our discussions
        earlier today, the case that bears the designation
        19-52 is one that is in all respects pretty much the
        same case as in 19-7, correct?

        UNITED STATES: Yes judge.

*Second July 29, 2019, Status Conference in Crim. No. 2019-54* at

4:29:15 P.M.-4:30:11 P.M. (July 29, 2019).

        In the second July 29, 2019, status conference held in

Criminal Case Number 19-52, the United States conceded that

neither Erikson nor Robin had consented to being prosecuted by

information. The United States also conceded that it had never

sought leave from the Court to proceed by information and that

no judge of this Court had *sua sponte* granted such leave.

Concerned about the reversion of charging instruments from

indictment back to information, the Court ordered briefing on

this issue.

In response, the United States again acknowledged "that it did not obtain permission from the defendant" or "seek leave from the court to proceed by information in Criminal [Case Number] 2019-52." *See* ECF No. 12 at 3. Also in that brief, the United States "formally s[ought] leave of the court to proceed" by information. *Id.* at 3-4. The United States asserted that "[t]he information filed in [C]riminal [Case Number] 2019-52 is an interim measure until the sitting of the August 1, 2019, Grand Jury. It assures the presence of defendant Robin, a British Virgin Islands citizen, currently detained and regarded as a risk of flight." *Id.* at 4.

On July 30, 2019, Robin moved to dismiss the Fourth Joint Charging Document with prejudice for (1) violating the defendant's speedy trial rights; and (2) violating 48 U.S.C. § 1614(b).

## II.  DISCUSSION

The Fifth Amendment of the United States Constitution guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The grand jury determines whether there is probable cause to believe that a crime has been committed, protecting citizens from baseless prosecutions. *See United States v. R. Enters., Inc.,* 498 U.S.

292, 297–98 (1991) (explaining that the Grand Jury's "task is to conduct an *ex parte* investigation to determine whether or not there is probable cause to prosecute a particular defendant"); *In re Grand Jury,* 286 F.3d 153, 159 (3d Cir. 2002) ("The grand jury belongs to no branch of the institutional Government, serving as a kind of buffer or referee between the Government and the people.").

"In the unincorporated Territory of the Virgin Islands the requirement of the Fifth Amendment for indictment of a grand jury is not applicable . . . ." *Gov't of the V.I. v. Dowling,* 633 F.2d 660, 667 (3d Cir. 1980); *see also United States v. Ntreh,* 279 F.3d 255, 256 (3d Cir. 2002) ("[R]esidents of the Virgin Islands have no constitutional right to indictment by a grand jury."); *Rivera v. Gov't of the V.I.,* 375 F.2d 988, 991 (3d Cir. 1967) ("[T]he right of presentment by grand jury is merely a remedial right which is not among the fundamental rights which Congress in legislating for a territory not incorporated into the United States, such as the Virgin Islands, must secure to its inhabitants.").

Rather, the Revised Organic Act of 1954 provides that in the Virgin Islands,

> all offenses against the laws of the United States
> and the laws of the Virgin Islands which are
> prosecuted in the district court . . . may be had by
> indictment by grand jury or by information, and that

> all offenses against the laws of the Virgin Islands
> which are prosecuted in the district court pursuant
> to section 1612(b) of this title or in the courts
> established by local law shall continue to be
> prosecuted by information, except such as may be
> required by local law to be prosecuted by indictment
> by grand jury.

48 U.S.C. § 1561; *see also* Fed. R. Crim. P. 1(a)(3)(c)

(providing that the Federal Rules of Criminal Procedure "govern

the procedure in all criminal cases in . . . the district court

of the Virgin Islands, except that the prosecution of offenses

in that court must be by indictment or information as otherwise

provided by law"). No such local law requiring any Territorial

crimes to be prosecuted by indictment has been enacted.

Accordingly, federal and territorial crimes may be charged by

either information or indictment in the District Court of the

Virgin Islands. *See Rivera v. Gov't of the Virgin Islands,* 375

F.2d 988 (3d Cir. 1967) (explaining that "it is settled" that

the Fifth Amendment right to a grand jury indictment does not

govern a prosecution for offenses against the Virgin Islands

"without Congressional approval"); *Ntreh,* 279 F.3d at 259)

("[W]e hold that the United States of America may prosecute a

federal felony offense in the District Court of the Virgin

Islands by information.").

Notwithstanding the option to proceed either by information

or indictment, 48 U.S.C. § 1614(b) ("Section 1614(b)") places a

significant limitation on the government's discretion if the
United States elects to charge a defendant by indictment.
Indeed, Section 1614(b) commands that

> an offense which has been investigated by or
> presented to a grand jury may be prosecuted by
> information only by leave of court or with the
> consent of the defendant.

48 U.S.C. § 1614(b). Interpreting this provision, the Third
Circuit has explained that "once a case has been presented to a
grand jury, the case may be prosecuted by information only by
leave of court or with the defendant's consent." *United States
v. Ntreh*, 279 F.3d 255 (3d Cir. 2002).

Here, the offenses that Erickson and Robin are charged with
in the Fourth Joint Charging Document arise out of the October
Matters. The October Matters were first presented to the Grand
Jury on December 6, 2018. That presentment followed two
individual informations. Significantly, it preceded two joint
informations--each of which arose out of the October Matters.
That progression--beginning with the First Joint Charging
Document and continuing through the Second and Fourth Joint
Charging Document--is problematic as the United States may only
prosecute the offenses in the Fourth Joint Charging Document by
information with the consent of Erickson and Robin or with leave

of Court.[2] However, neither Robin nor Erickson have given such consent. In fact, Robin and Erickson are each strongly opposed to proceeding by information.

`     As to leave to proceed by information, no such leave was granted with respect to the First or Second Joint Charging Document. To the extent the Government now seeks such leave with respect to the Fourth Joint Charging Document, the Court notes that Section 1614 does not elaborate on what standard the district court should apply when considering whether to grant such leave after a matter has been presented to a grand jury. The Court is also aware of no court that has examined this issue.

     Even so, the Court, exercising its discretion, finds the Government's request at this stage troubling. To begin, the same underlying conduct giving rise to charges in Criminal Case Numbers 2018-54 and 2018-55 serves as the basis for current charges. There is no material difference between the Third Joint Charging Document and the Fourth Joint Charging Document. The Fourth Joint Charging Document adds no new information. Finally, the series of charging documents since Erickson and Robin were first jointly charged appear to evolve in a way that suggests

---

[2] That limitation also applies to the First and Second Joint Charging Document.

purposeful manipulation of the Speedy Trial Act and do not

reflect a legitimate purpose.

Moreover, Section 1614(b) was passed on October 5, 1984.

*See* Pub. L. 98-454, Title VII, Section 701, 98 Stat. 1732. The

Senate added this provision to a bill passed by the House.

Explaining this amendment before it was passed, Senator Weicker

read into the record an analysis explaining that the purpose of

adding Section 1614(b) was to authorize prosecution via

indictment. In 1981, the Third Circuit had "held that existing

law preclude[d] the impaneling [of] federal grand jury for the

investigation of violations of federal laws in the Virgin

Islands." *See* Cong. R. S. 23788 (Aug. 10, 1984) (citing *United

States v. Christian*, 660 F.2d 892 (3d Cir. 1981)); *see also*

Cong. Rec. H. 25474 (Sept. 14, 1984) (reading analysis during

House hearing on Senate amendments). The amendment was offered

to authorize this practice. The analysis explained that the

provision limiting the use of an information after an offense

was presented to the grand jury was intended to ensure that

"once a matter has been before a grand jury it may be prosecuted

by information only by leave of court or with the consent of the

defendant." *See* Cong. R. S. 23788 (Aug. 10, 1984); *see also*

Cong. Rec. H. 25475 (Sept. 14, 1984) (reading  analysis during

House hearing on Senate amendments).

"Having chosen to utilize the indictment process, fair dealing would require that the government assume the burdens as well the benefits." *United States v. Goldstein*, 502 F.2d 526, 531 (3d Cir. 1974). In light of the letter and spirit of the limitation imposed by Section 1614(b), the Court believes that the appropriate standard for determining whether to grant leave to proceed by information after having presented a matter to the Grand Jury should require more than a mere claim that the matter could not be presented to the Grand Jury.

Under any possible standard, leave to proceed by information requires, at the least, a legitimate reason for doing so. Here, the United States requests to proceed by information because the United States does not plan to have the Grand Jury sit until August 1, 2019. That reason is hardly convincing as the Grand Jury, after being empaneled, sits at the discretion of the United States. Moreover, the Third Joint Charging Document, as the United States acknowledges, is virtually identical to the Fourth. It is difficult to conceive how the Grand Jury would supersede the Third Joint Charging Document with an identical succeeding indictment. Finally, to the extent that the United States asserts that allowing prosecution by information in the interim "assures the presence of defendant Robin, a British Virgin Islands citizen, currently

detained and regarded as a flight risk," *see* Crim Case No. 2019-

52, ECF No. 14 at 4; the United States fails to provide a reason

why it wishes to proceed against Erickson via information.

It appears that the United States wishes to proceed by

information to avoid the consequences of its Speedy Trial

violation in Criminal Case Number 2019-7. In any event, allowing

leave to proceed by information following the dismissal of an

indictment for speedy trial violations would undermine the

salutary purposes of the Speedy Trial Act. Additionally, it

would render meaningless the clear dictate of Congress if

proceeding by information after indictment was permissible on so

unconvincing a record.

The premises considered, it is hereby

**ORDERED** that the Information filed on July 24, 2019, in

Criminal Case Number 2019-52 is **DISMISSED**; and it is further

**ORDERED** that Mikiel Robin's motion to dismiss docketed at

ECF Number 18 is **MOOT.**

S_____
       **Curtis V. Gómez**
       **District Judge**